IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**DAYRON RODRIGUEZ** and
**MARQUIS WALLACE,** individually,
and on behalf of all other employees of Defendants
similarly situated,

       Plaintiffs,

vs.

**DOLPHIN TOWING & RECOVERY, INC.,**
a Florida corporation, and **ROBERTO NODARSE,
JR**., and **XAVIER NODARSE,** individually,

       Defendants.
_____/

**COMPLAINT FOR VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

COME NOW Plaintiffs DAYRON RODRIGUEZ and MARQUIS WALLACE ("Plaintiffs"), by and through his undersigned counsel, and file this Complaint for Violation of the Fair Labor Standards Act against Defendants DOLPHIN TOWING & RECOVERY, INC., ("DOLPHIN TOWING"), a Florida corporation, and ROBERTO NODARSE, JR., ("ROBERT"), individually and XAVIER NODARSE ("XAVIER"), individually and allege as follows:

GENERAL ALLEGATIONS

1. Plaintiffs, who were employed by DOLPHIN TOWING from October 2012 through February 23, 2016 (with Plaintiff Dayron Rodriguez having been employed from October 2012 to February 23, 2016, and Plaintiff Marquis Wallace having been employed from October 2014 to November 2015), bring this action

1

against DOLPHIN TOWING, ROBERT NODARSE and XAVIER NODARSE on behalf of themselves and others similarly situated, to redress the deprivation of rights secured to Plaintiffs and others similarly situated by the minimum wage and overtime hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA").

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiffs were residents of the County of Miami-Dade, Florida.

5. At all times material hereto, DOLPHIN TOWING was a company doing business in Florida with its business address at 1491 N.E. 130 Street, North Miami, Florida 33161 in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a vehicle recovery tow yard in Miami-Dade County, Florida, within the jurisdiction and district of this Court.

6. During the time period from approximately October 2012 through February 23, 2016, DOLPHIN TOWING employed Plaintiffs and others similarly situated as "at-will", nonexempt, employees as a Tow Truck Driver and yard workers

2

from time to time at DOLPHIN TOWING in Miami-Dade County, Florida.

7. Plaintiffs are informed and believe that at all times material hereto, Defendants ROBERT NODARSE and XAVIER NODARSE were residents of the County of Miami-Dade, State of Florida.

8. At all times material hereto, Defendants ROBERT NODARSE and XAVIER NODARSE were officers and/or an administrators or managers of DOLPHIN TOWING and a direct or indirect supervisor and employer of Plaintiffs and others similarly situated within the meaning of 29 U.S.C. §203(d) in that Defendants ROBERT NODARSE and XAVIER NODARSE acted directly in the interest of DOLPHIN TOWING in relation to its employees, including Plaintiffs and other employees of DOLPHIN TOWING similarly situated.

9. Plaintiffs are informed and believe and hereby allege that during the relevant time periods material hereto, DOLPHIN TOWING'S gross annual revenues were in excess of $500,000.00. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

10. At all times material hereto, DOLPHIN TOWING was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, DOLPHIN

3

TOWING operated a vehicle recovery tow yard which used goods that were transported in interstate commerce. In fact, Plaintiffs are informed and believe that a majority of the goods used by DOLPHIN TOWING in its business were produced outside of the State of Florida.

11.  By reason of the foregoing, DOLPHIN TOWING was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

12.  At all times material hereto, Plaintiffs and others similarly situated in performing their job duties, were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiffs and others similarly situated was directly essential to the business of DOLPHIN TOWING, i.e., working as tow truck drivers and yard workers for DOLPHIN TOWING, which was directly essential to the business operated by DOLPHIN TOWING. Furthermore, Plaintiffs were engaged in handing goods in commerce because Plaintiffs and the other at-will employees employed by DOLPHIN TOWING regularly and recurrently handled goods produced outside of the State of Florida. See 29 C.F.R. §779.114.

13.  At all times material hereto, Plaintiffs and others similarly situated did not have a clear understanding as to how they were to be compensated with respect to their work.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

## COUNT I
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

14. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count I.

15. During the period of time from approximately October 2012 through February 23, 2016, Plaintiffs worked as Tow Truck Drivers and yard workers for DOLPHIN TOWING as aforementioned.

16. Plaintiff DAYRON RODRIGUEZ's work schedule was from 7:00 a.m. to 7:00 p.m. every day, six (6) days per week.  Plaintiff MARQUIS WALLACE's work schedule was from 7:00 p.m. to 7:00 a.m. every day, six (6) days per week.  As such, during the mentioned period of time, Plaintiffs worked as much as seventy-two (72) hours per week for the Defendants, but were only paid a salary of approximately $500.00 per week, which means that they were paid only $6.94 per hour ($500.00 ÷ 72 hours/week), including overtime hours.

17. As such, Plaintiffs are owed minimum wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

18. Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for DOLPHIN TOWING as defined in 29 U.S.C. §203(g) as aforementioned.

19. Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

20. Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated minimum wages, contrary to the provisions of 29 U.S.C. §207(a).

21. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

22. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## COUNT II
## VIOLATION OF THE OVERTIME PAY PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

23. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count II.

24. During the period of time from approximately October 2012 through February 23, 2016, Plaintiffs worked as Tow Truck Drivers and yard workers for DOLPHIN TOWING as aforementioned.

25. Plaintiff DAYRON RODRIGUEZ's work schedule was from 7:00 a.m. to 7:00 p.m. every day, six (6) days per week. Plaintiff MARQUIS WALLACE's work schedule was from 7:00 p.m. to 7:00 a.m. every day, six (6) days per week. As such, during the mentioned period of time, Plaintiffs worked as much as seventy-two (72) hours per week for the Defendants, but were only paid a salary of approximately

6

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

$500.00 per week, which means that they were paid only $6.94 per hour ($500.00 ÷ 72 hours/week), including overtime hours.

26. As such, Plaintiffs are owed overtime wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

27. Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for DOLPHIN TOWING as defined in 29 U.S.C. §203(g).

28. Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

29. Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

30. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

31. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## PRESUIT DEMAND

32. On April 15, 2016, Plaintiffs, through undersigned counsel, sent (via

7

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

Certified Mail) a written demand to Defendants, as owners, managers and administrators of DOLPHIN TOWING, pursuant to <u>Patel v. Wargo</u>, 803 F.2d 632, 637-38 (11th Cir. 1986); <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1511 (1st Cir.1983); <u>Perez v. Palermo Seafood, Inc.</u>, 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008) demanding that the Defendants pay the amounts owed to the Plaintiffs. Defendants, however, failed and refused to pay the amounts owed to Plaintiffs.

<u>PLAINTIFFS' DEMAND FOR JURY TRIAL</u>

33.   Plaintiffs, by and through their undersigned counsel, hereby demand a jury trial of all issues so triable.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants as follows:

(a)   Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

(b)   Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c)   Awarding Plaintiffs compensation for all hours that they worked for Defendants, but for which they were not compensated at the statutory federally mandated overtime wages;

(d)   Awarding Plaintiffs liquidated damages;

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

(e)     Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 19th day of July, 2016.

           FOWLER RODRIGUEZ LLP

           By: s/Santiago J. Padilla
              Santiago J. Padilla, Esq.
              (Fla. Bar No.: 037478)
              E-Mail: spadilla@frfirm.com

              Santiago J. Padilla, Esq.
              Fowler Rodriguez LLP
              355 Alhambra Circle, Suite 801
              Coral Gables, Florida 33134
              Telephone: (786) 364-8400
              Facsimile: (786) 364-8401

9

**Fowler Rodriguez LLP**
**355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401**